UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RACHEL POTTER.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

Case No. 13-cv-11998
Hon. Matthew F. Leitman

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION (ECF #16), ADOPTING REPORT AND RECOMMENDATION (ECF #15), GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF #11), AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF #10)**

**INTRODUCTION AND PROCEDURAL HISTORY**

Plaintiff Monica Potter ("Potter") filed applications for Disability Insurance Benefits and Supplemental Social Security Income Benefits on July 12, 2006. (*See* ECF #7-5 at 2-11, Pg. ID 386-395.) Potter, who suffers from cerebral palsy, asserted in her applications that her disability began on July 31, 2002. (*See id.* at 8, Pg. ID 392.) Potter's applications were initially denied, and she timely requested a hearing. That hearing was held before Administrative Law Judge Benjamin Parks ("ALJ Parks") on April 3, 2009. (*See* ECF #7-3 at 9, Pg. ID 178.)

On May 8, 2009, ALJ Parks issued his decision on Potter's applications. ALJ Parks determined that Potter "was not disabled prior to October 10, 2006, but became disabled on that date and has continued to be disabled through the date of this decision."

1

(*Id.* at 10, Pg. ID 178.)  Potter objected to ALJ Parks' conclusion that she was not disabled prior to October 10, 2006.  As noted above, Potter contended that her disability began years earlier -- on July 31, 2002.  Thus, Potter appealed ALJ Parks' decision to the Social Security Administration's Appeals Council (the "Appeals Council").

The Appeals Council issued its decision on November 2, 2009.  The Appeals Council did not disturb ALJ Parks' determination that Potter was disabled as of October 10, 2006, but it vacated ALJ Parks' decision that Potter was not disabled prior to that date. The Appeals Council remanded the case back to ALJ Parks for re-examination of whether Potter was disabled during the period between her alleged onset date (July 31, 2002) and the date on which ALJ Parks determined that her disability began (October 10, 2006).  (*See* ECF #7-3 at 19-21, Pg. ID 188-190.)

Following remand, ALJ Parks held a second hearing, and on September 23, 2010, he issued a new ruling on Potter's applications.  (*See* ECF #7-3 at 26-38, Pg. ID 195-207.)  In this decision, ALJ Parks again rejected Potter's assertion that she became disabled in July 2002.  (*See id.*)  This time, ALJ Parks concluded that Potter did not become disabled until August 9, 2007 -- nearly 10 months *later* than his originally-determined onset date.  (*See id.* at 27, Pg. ID 196.)  Potter appealed ALJ Parks' decision, and the Appeals Council again vacated ALJ Parks' ruling and remanded for a new hearing to be held before a new administrative law judge.  (*Id.* at 45-47, Pg. ID 214-216.) The Appeals Council was especially concerned that ALJ Parks had disturbed his original ruling that Potter's period of disability began in October 2006 -- a ruling the Appeals Council had already affirmed.  (*See id.*)

The newly-assigned administrative law judge, Anthony Smereka ("ALJ Smereka"), held his own hearing on Potter's applications on May 7, 2012. "[P]ursuant to the order of remand, the specific issue [] before [ALJ Smereka was] whether [Potter] was disabled from the July 31, 2002 alleged onset date through October 9, 2006, the day before the already approved disability [date]." (ECF #7-2 at 30, Pg. ID 54.) Just as ALJ Parks had determined in his first ruling, ALJ Smereka concluded that Potter had not been disabled prior to October 10, 2006. (*See id.*) Potter appealed ALJ Smereka's decision. The Appeals Council denied Potter's request for review. (*See id.* at 7, Pg. ID 31.)

Potter thereafter filed this action challenging the determination that she was not disabled before October 10, 2006. (*See* Complaint, ECF #1.) The parties then filed cross-motions for summary judgment. (*See* Potter's Motion, ECF #10; Defendant's Motion, ECF #11.) On December 9, 2014, the Magistrate Judge issued his Report and Recommendation in which he recommended that the Court grant Defendant's motion for summary judgment and deny Potter's motion. (*See* the "R&R," ECF #15.)

The Magistrate Judge thoroughly reviewed the administrative record and concluded that Smereka's "decision to deny benefits [before October 10, 2006] was within the range of discretion allowed by law, it is supported by substantial evidence and there is simply insufficient evidence to find otherwise." (*Id.* at 22, Pg. ID 955.) The Magistrate Judge rejected Potter's claims that Smereka erred by not providing "controlling weight" to the opinions of her treating physicians, Drs. Wardner and Eckner, including their opinion that her disabling symptoms were static in nature since at least 2002:

3

> [Smerka] gave good reasons for declining to give Dr. Wardner and Dr. Eckner controlling weight and he cited contradictory evidence in the record. The ALJ cited records, examination notes and Plaintiff's reports from the period at issue that directly contradict an assertion that there would have been no progressive change in Plaintiff's extremities and resultant limitations. [Nor did the] ALJ err in giving more weight to those doctors and that evidence closer to the time period at issue.

(*Id.* at 20, Pg. ID 953.)

The Magistrate Judge also reviewed additional evidence Potter attached to her summary judgment brief, but which she had not presented to Smereka. The Magistrate Judge determined that these documents were "not material," and he declined to recommend that the Court remand for yet another hearing at which an ALJ could consider the records. (*Id.* at 14, n.4, Pg. ID 947.) The Magistrate Judge explained that the medical records – attached as "Exhibit A" to Potter's summary judgment brief – were "not material" because, among other things, they "do not show complaints related to Plaintiff's lower extremities or cerebral palsy … relate to Plaintiff's cough, sinuses, and/or asthma and do not establish treatment related to her cerebral palsy and lower extremity limitations," and failed to otherwise provide sufficient detail to support Potter's claim. (*Id.*)

Finally, at the end of the R&R, the Magistrate stated that the parties could object to and seek review of the recommendation within fourteen days. (*See id.* at 22, Pg. ID 955.) The Magistrate Judge instructed the parties that the "[f]ailure to file specific objections constitutes a waiver of any further right of appeal," and he "advised [the

4

parties] that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation." (*Id.*)

Potter timely filed "objections" to the R&R on December 22, 2014. (*See* the "Objections," ECF #16.)

## **ANALYSIS**

The Court notes initially that Potter's Objections are a nearly verbatim copy of her Motion for Summary Judgment. (Compare ECF #10 to ECF #16.) Indeed, apart from the two numbered paragraphs on the first page of the Objections, and five sentences contained in her nine page submission, the two filings are virtually indistinguishable. The only differences between the motion and the Objections are:

- Potter's new first numbered paragraph that states: "For the reasons stated below, it was legally erroneous for the Magistrate Judge to conclude that there was substantial evidence in the record to support the ALJ's arbitrary finding that Plaintiff was not totally disabled before October 10, 2006" (Potter's "First Objection"). (Objections at 1, Pg. ID 956.);

- Potter's new second numbered paragraph that states: "It was legally erroneous for the Magistrate not to remand the case back to the Agency for consideration of the medical evidence contained in Exhibit A to Plaintiff's Brief in Support of Motion for Summary Judgment since in that Brief Plaintiff asked the Court to grant any other relief deemed just and necessary which certainly would include a remand" (Potter's "Second Objection") (*Id.*);

- A conclusory sentence added to the end of Section One of Potter's Objections which states that "[o]n December 9, 2014, after submissions of the briefs, the Magistrate upheld the ALJ's erroneous decision that Plaintiff was disabled as of October 10, 2006 but not before and refused to remand the

5

case back the Agency for consideration of additional evidence." (*Id.* at 4, Pg. ID 959.);

- A conclusory sentence added to the start of Section Two of Potter's Objections which states that "[t]he Magistrate Judge's Report and Recommendation which upheld the ALJ's determination that Plaintiff was not totally disabled before Octoebr 10, 2006 and was based on medical evidence of record, is clearly erroneous and should be reversed." (*Id.*);

- A change that indicates that Potter attached an exhibit to "Plaintiff's Brief in Support of Motion for Summary Judgment" instead of attaching it "hereto." (*Id.* at 7, Pg. ID 962.);

- An additional clause added to the final sentence to the final paragraph. The sentence, which originally stated "The ALJ's decision in this regard is legally unsupportable" now adds "as is the Magistrate Judge's Report and Recommendation denying Plaintiff's Motion for Summary Judgment." (*Id.* at 8, Pg. 963.); and

- A revision to the "Relief Requested" paragraph that adds in the following requests: that the Court "reject the Magistrate Judge's Report and Recommendation, grant Plaintiff's Motion for Summary Judgment," and grant her other relief, "including remand for Agency consideration of the medical records attached as Exhibit A to the Brief in Support of Plaintiff's Motion for Summary Judgment." (*Id.* at 9, Pg. ID 964.)

Potter's objections, and specifically her submission of a virtual copy of her summary judgment motion, are wholly insufficient. As this Court has previously held, "[a]n 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or *simply summarizes what has been presented before*, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F.Supp.2d 743, 747

6

(E.D. Mich. 2004) (emphasis added).[1] Indeed, in identical circumstances where a plaintiff objected to a report and recommendation in a Social Security disability case by parroting his earlier submission to a magistrate, the Eastern District of Tennessee "treat[ed] [the] objections," which had already been presented to, and rejected by, the magistrate "as having been waived." *See George v. Astrue*, 2010 WL 2430772, at *2 (E.D. Tenn. June 11, 2010). That court explained that "[b]ecause plaintiff simply recites, almost verbatim, the same arguments considered by [the] Magistrate Judge [], *de novo* review of plaintiff's arguments would make the original referral to the magistrate judge useless and would waste judicial resources. Accordingly, the Court does not consider plaintiff's arguments to be specific objections to the R&R and it will not engage in *de novo* review." *Id.* (internal citation omitted). The Court finds these authorities persuasive and chooses to follow them here. Potter's objections are waived because they consist of nothing more than a re-submission of her original motion for summary judgment.

Moreover, Potter's general and conclusory Objections are insufficient because they are not specifically tailored to the conclusions of the Magistrate Judge. For example, while Potter contends in her First Objection that "it was legally erroneous for

---

[1] *See also Jarbiu v. J.P. Morgan Chase Bank National Association*, 14-cv-11688, 2014 WL 5361985, at *1 (E.D. Mich. Oct. 21, 2014) ("Despite the magistrate judge's express warning that failure to file *specific objections* constitutes waiver of any further right of appeal, Plaintiffs filed a submission that does not contain any specific objections the R&R. Rather, Plaintiffs' Counsel appears to have simply 'cut and paste' portions of his response to Defendant's Motion to Dismiss into another document he titled as an objection. Thus, Plaintiff has not asserted any actual objections to the R&R that require review or analysis by this Court") (emphasis in original).

7

the Magistrate Judge to conclude that there was substantial evidence in the record to support the ALJ's arbitrary finding…" (Objections at 1, Pg. ID 956), Potter does not specifically identify any error by the Magistrate Judge, nor does Potter address any of the shortcomings the Magistrate Judge identified in her claims for benefits.  Instead, Potter says that the Magistrate Judge erred "for the reasons set forth below" (*id.*) – reasons that, as described above, are identical to those included in her summary judgment motion. Such "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." *Howard v. Sec'y of Health and Human Serv.*, 932 F.2d 505, 509 (6th Cir. 1991).

Potter also generally argues that "there is no medical evidence of record to support the ALJ's arbitrary selection of October as the date for [Potter's] total disability 10, 2006." (Objections at 2, Pg. ID 957.)  However, two different ALJs concluded that Potter was not disabled prior to that date, and Potter failed in her Objections to provide any response to the Magistrate Judge's conclusion that "the ALJ cited evidence to support his finding that [Potter] was severely limited prior to [October 10, 2006], yet remained able to complete a limited range of sedentary work."  (R&R at 21, Pg. ID 954.)  Nor has Potter specifically challenged the Magistrate Judge's determination that the selection of October 10, 2006 "coincides with [Potter] beginning to seek medical treatment in October and

December [of 2006] for increasing complaints of falls and increased lower-extremity limitations." (*Id.*) Potter has identified some conflicting evidence in the record regarding her condition, but she has fallen far short of providing any specific objections to the R&R or identifying any specific evidence to show that the ALJ's decision was not supported by substantial evidence.

Potter's Second Objection contains an additional flaw. This objection appears to rest on the faulty premise that the Magistrate Judge refused to consider recommending that the Court remand the case for consideration of the additional evidence Potter attached to her summary judgment motion. A full and fair review of the R&R belies this interpretation. While the Magistrate Judge did note that "Plaintiff has not requested a [] remand," the Magistrate Judge did not end his analysis there. Indeed, in that very same sentence, the Magistrate Judge also concluded that Potter had made "no argument that such remand is warranted. Nor does [Potter] show that the information [presented for the first time in Potter's summary judgment motion is new or material" (R&R at 13, Pg. ID 946) as is required for a remand. *See, e.g., McCraney v. Commissioner of Soc. Sec.*, 68 Fed. App'x 570, 572 (6th Cir. 2003) ("[W]here a party presents new evidence on appeal, this court can remand for further consideration of the evidence only where the party seeking remand shows that the new evidence is material and that there was good cause for not presenting the evidence in a prior proceeding") (quoting *Brainard v. Secretary of Health and Human Servs.,* 889 F.2d 679, 681 (6th Cir.1989)). The Magistrate Judge then went on to examine the evidence in detail, and he explained why the evidence did not provide a basis to remand this action. (*See id.* at 13-14, Pg. ID 946-947.) Potter does not

9

even attempt to show how the Magistrate Judge erred when he concluded that Potter's new evidence was not material and did not warrant a remand. Potter has therefore failed to satisfy her burden to show that remand is warranted and that the new evidence is material, and her Second Objection is overruled on this additional basis.

## CONCLUSION

For all of the reasons stated above, **IT IS HEREBY ORDERED** that the Magistrate Judge's December 9 2014, Report and Recommendation (ECF #15) is **ADOPTED** as the Opinion of this Court. **IT IS FURTHER ORDERED**, for the reasons stated in the R&R, that Potter's motion for summary judgment (ECF #11) is **DENIED**, that Defendant's motion for summary judgment (ECF #10) is **GRANTED**, and Potter's Objections to the R&R (ECF #16) are **OVERRULED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: February 3, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 3, 2015, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113